UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NEWMONT USA LIMITED and DAWN MINING CO.,

    Plaintiff,

vs.

AMERICAN HOME ASSURANCE CO., et al.,

    Defendants.

NO. CV-09-033-JLQ

**ORDER RE: MAY 19, 2011 HEARING ON SUMMARY JUDGMENT MOTIONS**

A summary judgment motion hearing was held in the above-entitled matter on May 19, 2011. Attorneys participating on behalf of Plaintiffs were: James Reed and Andrew Petrie. Appearing on behalf of Defendant Travelers were: Thomas James and Don Kunze. Bradley Smith, Ralph Luongo, and John Falls appeared on behalf of Defendants OneBeacon and Stonewall. The following Order is intended to memorialize and supplement the oral rulings of the court. This Order will be supplemented by a forthcoming written opinion.

**I.    Res Judicata**

The court has before it multiple defense motions for summary judgment which rest upon 1) the assumption that this court will give *res judicata* effect to the judgments entered against Newmont in the New York state trial court even after the New York Court of Appeals held that the trial court erred in entertaining jurisdiction, and 2) the argument that Dawn is in privity Newmont. Final rulings upon Defendants' earlier-filed *res judicata* motions (at ECF No. 258 and 481) were deferred pending Newmont's appeal from the judgments. *See Orders*, ECF Nos. 400, 437 and 685. On March 17, 2011, the New York Supreme Court, Appellate Division, First Department, issued an Order

ORDER - 1

dismissing the carriers' case against Newmont. ECF 701 at 10. The First Department held that the trial court had "improvidently exercised its discretion in retaining jurisdiction [over Newmont], since Newmont established that New York is an inconvenient forum." ECF 701 at 12-13. The appellate court found, as this court had also held, that the Washington forum was a superior forum for resolution of the dispute, in part because, contrary to the New York court, all necessary parties are before this court. The insurance carriers have requested leave to reargue the New York appeal, as well as the issue of jurisdiction over Dawn.

In essence, this court's interpretation is that the New York Appellate Court ruled that based upon considerations of fundamental fairness and sensible and effective judicial administration the New York trial court should have declined to exercise jurisdiction rather than ruling upon the merits. Defendants contend that despite the New York appellate court's March 17, 2011 ruling, the underlying judgments somehow remains "in effect." ECF 768 at 3. However, the United States Supreme Court has held that a "forum non conveniens dismissal...is a determination that the merits should be adjudicated elsewhere." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). The decision to dismiss all claims on the ground of forum non conveniens, is in direct conflict with any earlier interlocutory rulings on the merits and has the practical effect of voiding those rulings.

Where the prior inconsistent New York judgments are of no force and effect, *res judicata* is inapplicable. Newmonts' coverage claims are not barred by res judicata. Accordingly, the the issue of Dawn's privity is also not properly before the court.

The extensive and expensive forum battle in this matter, until the decision of the New York Appellate Court, was contrary to the more appropriate rules of law that establish that actions such as this over insurance coverage for events occurring in this state involving all parties who are subject to the jurisdiction of this court ought to be tried in this court. Such a venue decision promotes the interests of justice to ensure that a case is tried where all parties can receive a convenient and expeditious trial. This forum has

ORDER - 2

been available and appropriate, without dispute, to expeditiously resolve this case with the trial commencing on August 1, 2011. The court lifts the stay of Newmont's claims for coverage and will proceed with Newmont's claims along with those of Dawn Mining according to the Scheduling Order as amended.

## II.    Summary of Summary Judgment Rulings

**ACCORDINGLY IT IS HEREBY ORDERED:**

1. Travelers', Stonewall's (joinder at ECF No. 274) and OneBeacon's Motions for Partial Summary Judgment (**ECF No. 258** and **481**) (based upon *res judicata*) are **DENIED**.

2. Travelers' Motion for Partial Summary Judgment Against Dawn Mining Company (**ECF NO. 596**) is **DENIED**.

3. Travelers' Motion for Summary Judgment Re: Extra-Contractual Claims **(ECF No. 603)** and OneBeacon's Motion for Partial Summary Judgment re: Bad Faith **(ECF. No. 627)** are **GRANTED**.

Travelers' and OneBeacon's conduct as excess carriers as alleged by Plaintiffs is insufficient to demonstrate that OneBeacon or Travelers breached a duty or failed to deal fairly. Upon entry of final judgment, Plaintiffs' fourth, fifth, and sixth claims for relief will be **DISMISSED**.

4. OneBeacon and Stonewall's Motion for Summary Judgment Re: No Occurrence (**ECF NO. 612**) is **DENIED**.

The property damage at the Midnite Mine was the "widespread distribution of contaminated surface materials in and near the Midnite Mine area" stemming from the release of sediments through acid rock drainage and radioactive decay. ECF No. 514 at 57. There are questions of fact whether this property damage was neither expected nor intended by Dawn by July 1, 1969, the inception date of OneBeacon's policies.

5. OneBeacon and Stonewall's Motion for Summary Judgment Re: No Known Loss (**ECF No. 615**) is **DENIED**.

The fact that Dawn engaged in open pit mining, does not equate to Plaintiffs'

ORDER - 3

knowledge in 1969, at the inception of the OneBeacon policies, of a "substantial probability" that it would be required to pay environmental response costs due to contamination under CERCLA.  Indeed, CERCLA became effective 11 years after inception of OneBeacon's earliest policies at issue.

     6. OneBeacon's Motion for Summary Judgment re: Scope of Coverage/Allocation (**ECF No. 618**) is **DENIED**.

This motion hinges upon the granting of OneBeacon's *res judicata* motion (ECF No. 481), which the court has herein denied.  In any case, the question of choice of law on the issue of allocation has not been litigated or decided by any court.

     7. OneBeacon's Motion for Summary Judgment Re: Radioactive Contamination Exclusion (**ECF No. 622**) was withdrawn and is accordingly **MOOT**.

     8. OneBeacon's Motion for Summary Judgment Against Dawn Mining Based on Privity/Pollution Exclusion (**ECF. No. 632**) is **DENIED**.

A question of fact remains as to whether the parties intended paragraph 7 of Endorsement 13 to apply generally, or to apply only to Newmont's oil and gas operations.

     9. Travelers', OneBeacon's and Stonewall's Motion for Summary Judgment Against Dawn Mining Concerning Known Obligations for Reclamation (**ECF NO. 637**) is **GRANTED IN PART** and **DENIED IN PART**.  Dawn admits it "does not seek insurance coverage for...the reasonable costs of mine reclamation versus the unreasonable remedy the EPA chose to impose." ECF 728 at ¶ 56.  Plaintiffs will be required to prove at trial which damages it claims are covered costs of environmental remediation, as opposed to non-covered "reasonable costs of mine reclamation."

     10. Given the settlements of the moving parties, INA's (Appalachian joining) Motion Against Plaintiffs Based on the Pollution Exclusions (**ECF No. 641**) is **MOOT**.

     11. OneBeacon and Stonewall's Motion for Summary Judgment Regarding Nuclear Energy Liability Exclusion (**ECF No. 657**) is **DENIED**.

The court finds as a matter of law OneBeacon's Nuclear Liability Exclusion does

ORDER - 4

not apply to the facts of this case.

12. Plaintiffs' Motion for Summary Judgment Re: Pollution Exclusions (**ECF No. 675**) is **DENIED**.

The plain language of Travelers' 1977-78 policy provides that coverage is triggered only upon there being a covered event as provided by the underlying Cal Union policy, which contains a sudden and accidental pollution exclusion with potential application to Dawn. As to the OneBeacon policy, a question of fact exists as to whether the parties intended paragraph 7 of Endorsement 13 to apply generally or only to Newmont's oil and gas operations.

13. Plaintiffs' Motion for Summary Judgment Re: Contract Provisions (**ECF No. 680**) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 23rd day of May, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5